**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| WE SHALL OVERCOME FOUNDATION, on behalf of itself and all others similarly situated,<br><br>                         Plaintiff,<br><br>v.<br><br>THE RICHMOND ORGANIZATION, INC. (TRO INC.) and LUDLOW MUSIC, INC.,<br><br>                         Defendants. | C.A. No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, We Shall Overcome Foundation ("WSOF"), on behalf of itself and all others similarly situated, by its undersigned attorneys, as its Complaint against Defendants, The Richmond Organization, Inc. (TRO Inc.) ("TRO") and Ludlow Music, Inc. ("Ludlow") for: (1) declaratory judgment pursuant to 28 U.S.C. § 2201; (2) declaratory and injunctive relief and damages under 28 U.S.C. § 2202; (3) violations of New York General Business Law § 349; (4) breach of contract; (5) common law money had and received; and (5) rescission for failure of consideration, hereby alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; and supplemental jurisdiction over the entire case or controversy pursuant to 28 U.S.C. § 1367.

2.      The Court has personal jurisdiction over Defendants and venue is proper in this

District under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District where Defendants' principal place of business is located and where they regularly conduct business.

## INTRODUCTION

3.      This is an action to declare that, despite their claim to the contrary, Defendants do not own a valid copyright to the musical composition *We Shall Overcome* (the "Song") and that the Song is dedicated to public use and in the public domain; and for return of the unlawful licensing fees collected by Defendants pursuant to their wrongful assertion of copyright ownership of the Song.

4.      According to the Library of Congress, *We Shall Overcome* was "the most powerful song of the 20th century," largely because it "inspired one of the greatest freedom movements in U.S. history, and went on to topple governments and bring about reform all over the world." *We Shall Overcome* was the unofficial anthem to the Civil Rights Movement.

5.      Upon information and belief, *We Shall Overcome* is an adaptation of an earlier work, an African-American spiritual with exactly the same melody and nearly identical lyrics from the late 19th or early 20th century. *We Shall Overcome* was first used as an inspirational song by African Americans and as a protest song by the labor movement in the early part of the 20th century.

6.      By the 1950s, *We Shall Overcome* had become the Civil Rights Movement's unofficial anthem. The Song became an important part of American culture and politics. After years of fighting for voting rights for all Americans, President Lyndon Johnson made a final promise: "We Shall Overcome."

7.      More than 50 years have passed since Defendant Ludlow purportedly copyrighted

the Song, and Defendants wrongfully and unlawfully insist that they own the copyright to *We Shall Overcome*, together with the exclusive right to control the Song's reproduction, distribution, and public performances pursuant to federal copyright law.

8. Defendants either have silenced those wishing to perform *We Shall Overcome* by refusing to grant them a license or have unlawfully demanded and extracted licensing fees from those unwilling or unable to challenge their false ownership claims.

9. Irrefutable documentary evidence shows that if Defendants own any copyright to *We Shall Overcome*, those rights are, at most, limited to the extremely narrow right to reproduce and distribute specific arrangements for the Song, or additional verses that were added to the Song, when it was registered with the Copyright Office in 1960 and 1963.

10. Significantly, no court has ever adjudicated either the scope or validity of Defendants' claimed interest in *We Shall Overcome*, nor in the Song's melody or its familiar lyrics, which are independent works.

11. Plaintiff, on behalf of itself and all others similarly situated, seeks a declaration that Defendants do not own a copyright to the melody, the familiar lyrics, and other verses of *We Shall Overcome* and that the Song is dedicated to public use and is in the public domain, as well as monetary damages and restitution of all the unlawful licensing fees that Defendants have improperly collected from Plaintiff and all other Class members.

## PLAINTIFF

12. Plaintiff WSOF is a California corporation with its principal place of business located in Los Angeles County, California. Under a disputed claim of copyright ownership by Defendants, on or about April 14, 2015, pursuant to 17 U.S.C. § 115, Plaintiff paid the sum of $45.50 to Defendants for a compulsory license (commonly known as a "mechanical license") to

use *We Shall Overcome* to produce and distribute digital phonorecords, as alleged more fully below.

## DEFENDANTS

13.     Defendant TRO is a New York Defendant corporation with its principal place of business located at 266 W. 37th Street, 17th Floor, New York, New York 10018.

14.     Defendant Ludlow is a New York corporation with its principal place of business located at 266 W. 37th Street, 17th Floor, New York, New York 10018.  Upon information and belief, at all relevant times, Defendant TRO has wholly owned Defendant Ludlow and TRO Inc. as subsidiaries and imprints.

15.     Throughout the Class Period, Defendants have falsely claimed they own the exclusive copyright to *We Shall Overcome* based upon the arrangements and new lyrics Defendant Ludlow registered in 1960 and 1963.

        a.     Non-party BMI provides non-dramatic public performance licenses to bars, clubs, websites, and many other venues.  According to BMI's website, its blanket license includes *We Shall Overcome*. As a BMI member and purported owner of the copyrights in *We Shall Overcome*, Defendants obtain a share of blanket license revenue that would otherwise be paid to all other BMI members, in proportion to their songs' survey shares.

        b.     Established in 1927, non-party Harry Fox Agency is the leading provider of rights management, licensing, and royalty services for the music industry in the United States.  It licenses, collects, and distributes royalties on behalf of musical copyright owners, and provides a variety of online tools to help music publishers manage their catalogs.  According to the Harry Fox Agency's website, Defendant Ludlow owns the

4

copyright to *We Shall Overcome*.

## FACTUAL BACKGROUND

### *Plaintiff WSOF's Attempted Use of We Shall Overcome in a Documentary Movie*

16.     Plaintiff WSOF is producing a documentary movie. Plaintiff WSOF intends to include a performance of *We Shall Overcome* in at least one scene in the movie.

17.     Defendants claim they own a federal copyright to the musical composition *We Shall Overcome*, including both the Song's melody and its familiar lyrics.

18.     According to the United States Copyright Office ("Copyright Office"), a "musical composition consists of music, including any accompanying words, and is normally registered as a work of the performing arts."   Copyright Office Circular 56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1 (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf).   The author of a musical composition is the composer, and the lyricist (if a different person). *Id.*

19.     Accordingly, in February, 2015, a representative of Plaintiff WSOF sent an email to Defendants requesting a quote for a synchronization license to use *We Shall Overcome* in the movie.

20.     On or about March 9, 2015, a representative of Defendants responded by email to Plaintiff WSOF's request stating, in part, that:

> WE SHALL OVERCOME is a difficult song to clear.
>
> I have been advised by our historians that we will need to review the recording that is intended to be used.  The song cannot be cleared without reviewing what's being sung and the quality of the representation of the song.
>
> Please provide this information so that we can further process.

21.     In response to Defendants' demand for a sound recording, Plaintiff WSOF hired

Nephertiri Lewis to sing and record *We Shall Overcome*.

22.     On or about March 19, 2015, Plaintiff sent to Defendants a WAV file of the sound recording via email.  The WAV file consisted of Ms. Lewis singing *a cappella* just the first verse of *We Shall Overcome*:

> We shall overcome
> We shall overcome
> We shall overcome some day
> Oh deep in my heart, I do believe
> We shall overcome some day

23.     Almost a month later, on April 10, 2015, after reviewing the sound recording, a representative of Defendants sent another email to Plaintiff WSOF refusing to permit Plaintiff to use the Song.  The email from Defendants stated, in part, as follows:

> We apologize for the delayed response to you.  As previously mentioned WE SHALL OVERCOME is a very difficult song to clear.
>
> The song is not available for the proposed use.

24.     After Plaintiff WSOF sent several emails to Defendants demanding to know why it could not use *We Shall Overcome* in their documentary, on April 23, 2015, Defendants sent another email to Plaintiff that stated, in relevant part:

> As previously mentioned, permission is not granted for this use.  I will continue to follow up with our historians.  However, until further notice we do not grant permission for the use of WE SHALL OVERCOME in the documentary.

25.     After Plaintiff WSOF sent several more emails to Defendants, on May 12, 2015, Defendants sent an email to Plaintiff that stated, in relevant part:

> As previously mentioned to you WE SHALL OVERCOME is ***not available for use***.  Permission for the use of WE SHALL OVERCOME as described in your request is ***not granted***.
>
> No other information is available.  TRO-Ludlow Music, Inc. reserves all rights under the United States Copyright law in connection with this usage.

26.     Because Defendants claim to own an exclusive copyright for *We Shall Overcome* and has refused to grant permission for Plaintiff WSOF to use the Song, in particular the lyrical first verse recorded by Ms. Lewis, Plaintiff faces a statutory penalty of up to $150,000 under the Copyright Act if it uses the song in the documentary it is producing if Defendants, in fact, own the copyright that it claims.

27.     As a result, Plaintiff has been unable to complete the documentary movie it is producing because Defendants refuse to grant it a synchronization license to use the Song.

***Plaintiff WSOF's Use of We Shall Overcome in a Soundtrack***

28.     In addition to the documentary movie, Plaintiff WSOF also intends to release a digital phonorecord to accompany the movie.   Plaintiff WSOF intends to use Ms. Lewis's recording of *We Shall Overcome* on that phonorecord.

29.     Section 115 of the Copyright Act, 17 U.S.C. § 115, provides for a compulsory license for the distribution of phonorecords and digital phonorecord deliveries (*i.e.*, web-based "downloads") of musical compositions.  Failure to obtain such a license prior to distribution of a cover version of a song constitutes a copyright infringement subject to the full remedies of the Copyright Act.

30.     Accordingly, on April 14, 2015, Plaintiff WSOF provided a Notice of Intention to Obtain Compulsory License to Defendants and paid them the sum $45.50 for a mechanical license to produce and distribute 500 copies of the Song as a digital phonorecord.

***The Origin of the Song***

31.     Upon information and belief, the musical composition *We Shall Overcome* is an adaptation of an earlier public work, an African-American spiritual with exactly the same melody and nearly identical lyrics.

32.     The well-known lyrics of *We Shall Overcome* are as follows:

> We shall overcome
> We shall overcome
> We shall overcome some day
> Oh deep in my heart, I do believe
> We shall overcome some day

33.     Upon information and belief, the nearly-identical lyrics of the African-American spiritual, sung to the exact same melody as *We Shall Overcome*, are:

> We (or I) will overcome
> We (or I) will overcome
> We (or I) will overcome some day
> Oh deep (or down) in my heart, I do believe
> We (or I) will overcome some day

34.     The first known printed reference to "We Will Overcome," in the February 1909 edition of the *United Mine Workers Journal*, refers to performances of that song in 1908 and much earlier.  The front page of the February 1909 *United Mine Workers Journal* states: "Last year at a strike [in Alabama], we opened every meeting with a prayer, and singing that good old song, 'We Will Overcome.'"

35.     At that time, no copyright existed for "We Will Overcome" or any part of that musical composition.

36.     In the 1940s, *We Shall Overcome* was used as a protest song by striking tobacco workers in Charleston, South Carolina.

### *Defendant Ludlow's Disputed Copyright Claim*

37.     People's Songs, Inc. ("PSI"), was founded by American folk singer Pete Seeger in 1945 and was incorporated in the State of New York in February 1946.  Mr. Seeger was the first Chairman of PSI and Irwin Silber, an American political activist, was its first Executive Director. Zilphia Horton, an American composer and wife of Myles Horton, the founder of the Highlander

Folk School in Monteagle, Tennessee, was a member of PSI's Advisory Committee.

38.    PSI began publishing a periodical entitled *People's Songs* in 1946.

39.    The entire musical composition "We Will Overcome," including the melody and lyrics, was published by PSI in September, 1948 in Vol. 3, No. 8 of *People's Songs*, as follows:



40.    As shown above, next to the title for "We Will Overcome," PSI identified the author of the musical composition as follows: "By FTA-CIO Workers Highlander Students," a reference to the affiliated Food, Tobacco, Agricultural, and Allied Workers (FTA) and Congress of Industrial Organizations (CIO) and to the Highlander Folk School.

41.    Below the title for "We Will Overcome," PSI stated as follows:

This simple and moving hymn tune becomes especially thrilling when you consider where the song was first sung.  It was learned by Zilphia Horton of the Higlander Folk School, in Tennessee, from members of the CIO Food and Tobacco Workers Union.  Many a visitor to the south has never forgotten hearing the rich harmonies of some little band, and the determination in these words, even though surrounded on all sides by hate, Jim Crow and all the forces of power and money.

Zilphia writes: "It was first sung in Charleston, S.C., and one of the stanzas of

the original hymn was "we will overcome." At school here they naturally added other verses. . . . Its strong emotional appeal and simple dignity never fails to hit people. It sort of stops them cold silent."

42.     The September 1948 edition of *People's Songs* was registered with the Copyright Office under Reg. No. B184728. That copyright was never renewed, and it expired in 1976.

43.     PSI went out of business a few months after publication of the September 1948 edition of *People's Songs*. Thereafter, Messrs. Seeger and Silber published a magazine entitled *Sing Out! The Folk Song Magazine*, beginning in May 1950.

44.     An article in the November 1952 edition of *New York Guild Lawyer* described *We Shall Overcome* as "a Negro spiritual, sung by the entire ensemble and joined in by large segments of the audience."

45.     Mrs. Horton died on April 11, 1956.

46.     In 1959 Vanguard Records released a phonograph narrated by Charlton Heston titled *Out of Egypt: The Story of Moses*. The Robert DeCormier chorale can be heard performing *We Shall Overcome* on that phonograph,.

47.     On December 14, 1959, Cherry Lane Music, Inc. registered the *Music for 1st 5 Books of Moses* with the Copyright Office as EU606164. The entry from the Copyright Entries book states the following: arr. & adapted w & m Bob Corman, pseud. of Robert De Cormier. NM: arr. & adapted w&m.

48.     Vol. 10, No. 2 of *Sing Out!*, published by in 1960, included an article by Mr. Silber, entitled "He Sings for Integration," about American folk singer Guy Carawan. The article included the song's historical lyrics, without a copyright notice, as follows:

> We shall overcome,
> We shall overcome,
> We shall overcome some day;
> Oh, deep in my heart,

> I do believe,
> We shall overcome some day.

49.     The lyrics included in Vol. 10, No. 2 of *Sing Out!* are the well-known lyrics of *We Shall Overcome*.  Mr. Silber also identified purported "new words" for the song, again without a copyright notice, as follows:

> We are not afraid,
> We are not afraid,
> We are not afraid today, etc.

50.     Vol. 10, No. 2 of *Sing Out!* was registered with the Copyright Office on June 1, 1960, by Sing Out, Inc., under Reg. No. B845820.

### *Defendant's Purported 1960 Copyright to We Shall Overcome*

51.     On October 27, 1960, Defendant Ludlow filed a copyright Registration Application (Reg. No. EU645288) for *We Shall Overcome* as an unpublished derivative work.

52.     Paragraph 3 of the Registration Application required the copyright claimant to list the authors of the musical composition as well as the new matter they contributed to the derivative work.  Defendant Ludlow completed paragraph 3 by listing Ms. Horton (deceased) as the author of "New words & music Arrangement"; Frank Hamilton as the author of "New words & music Arrangement"; and Guy Carawan as the author of "New words & music Arrangement"

53.     Paragraph 5(b) of the Registration Application required "a brief, general statement of the nature of any substantial new matter in this version.  New matter may consist of musical arrangement, compilation, editorial revisions, and the like, as well as additional words and music."  Defendant Ludlow completed paragraph 5(b) of the Registration Application by stating as follows: "Original registration under title "I'LL OVERCOME".  Melody has been changed.  Harmonization wholly original.  Verses 2, 3, 4 of lead sheet attached all original."

54.     At most, Defendant Ludlow claimed as new matter under the Registration

11

Application for Reg. No. EU645288 only the unspecified change to the melody, the harmonization (*i.e.*, arrangement), and Verses 2, 3, and 4 of the musical composition. Defendant did not claim a copyright for Verse 1 (or the identical Verse 5) of the musical composition.

55.     Despite Defendant Ludlow's claim in the Registration Application for Reg. No. EU645288, upon information and belief, no musical composition entitled "I'll Overcome" was registered with the copyright office at any time prior to 1960. Based upon information and belief, Defendant Ludlow completed the Registration Application in 1960 listing "I'll Overcome" as the original work to create ambiguity as to what song the Registration Application referred. Moreover, based upon information and belief, Defendant Ludlow did not have permission from the authors of any such original work to publish a derivative work therefrom.

56.     The deposit copy for the work covered under Reg. No. EU645288 contains the following five lyrical verses:

<u>VERSE 1</u>
We shall overcome
We shall overcome
We shall overcome some day
Oh deep in my heart, I do believe
We shall overcome some day

<u>VERSE 2</u>
We'll walk hand in hand
We'll walk hand in hand
We'll walk hand in hand some day
Oh, deep in my heart, I do believe
We'll walk hand in hand some day

<u>VERSE 3</u>
The truth will make us free
The truth will make us free
The truth will make us free some day
Oh deep in my heart I do believe
We'll walk hand in hand some day
The truth will make us free some day

VERSE 4
The Lord will see us through
The Lord will see us through
The Lord will see us through someday
Oh deep in my heart I do believe
The Lord will see us through someday

VERSE 5 (identical to Verse 1)
We shall overcome
We shall overcome
We shall overcome some day
Oh deep in my heart, I do believe
We shall overcome some day

57.    The official Catalog of Copyright Entries for 1960 lists the Song as follows:

WE SHALL OVERCOME; w & arr. m Zilphia Horton, Frank Hamilton & Guy
Carawan.  Appl. states prev. reg. as I'll overcome.  NM: arr., changed m & added
w. © Ludlow Music, Inc.; 27Oct60; EU645288.

58.    Upon information and belief, with permission from Defendant Ludlow, Vol. 11,

No. 2 of *Sing Out!*, published in April-May 1961 included sheet music for the entire musical

composition of *We Shall Overcome* with no copyright notice.  The sheet music from Vol. 11, No.

2 of *Sing Out!* is reproduced in full below:



59.     Under the sheet music, Vol. 11, No. 2 of *Sing Out!* also stated:

> Additional verses added from time to time:
>
> We shall all be free, etc.
>
> We will live in peace, etc.
>
> We will end Jim Crow, etc.
>
> The Lord will see us through, etc.

60.     Vol. 11, No. 2 of *Sing Out!* was published after registration of Reg. No. EU645288.  However, no prior copyright for the musical composition *We Shall Overcome* was identified in Vol. 11, No. 2 of *Sing Out!*  Thus, if and to the extent that Reg. No. EU645288 was valid and covered any part of the musical composition, those copyrights were divested in April-May 1961.

61.     Upon information and belief, with permission from Defendant Ludlow, in 1961 Folkways Records released a phonograph entitled *The Folk Music of the Newport Folk Festival 1959-60, Vol 2*, which included a recording of *We Shall Overcome* sung by Guy Carawan.  The lyrics to Verses 1, 2, and 3 of the work covered under Reg. No. EU645288 are printed on the liner notes without any copyright notice.  Thus, if and to the extent Reg. No. EU645288 was valid and covered any part of the musical composition, the copyright to verses 1, 2, and 3 was again divested in 1961.

62.     Upon information and belief, with permission from Defendant Ludlow, in 1962 Folkways Records released a phonograph titled *Call of Freedom*, which included a recording of *We Shall Overcome*.  The lyrics to Verses 1, 2, and 3 of the work covered under Reg. No. EU645288 are printed on the liner notes for *Call of Freedom* without any copyright notice.  Thus, to whatever extent Reg. No. EU645288 was valid and covered any part of the musical composition, the copyright to verses 1, 2, and 3 was divested yet again in 1962.

***Defendant's Purported 1963 Copyright to We Shall Overcome***

63.     On October 8, 1963, Ludlow filed another Registration Application for *We Shall Overcome* (Reg. No. EP179877) as a derivative work.

64.     In Paragraph 3 of the 1963 Registration Application, Defendant Ludlow identified Ms. Horton (deceased) as author of "New words and music adaptation"; Frank Hamilton as author of "New words and music adaptation"; Guy Carawan as author of "New words and music adaptation"; and Pete Seeger as author of "New words and music adaptation."

65.     In Paragraph 5(b) of the 1963 Registration Application, Defendant Ludlow identified the new matter by stating: "Arr. for voice and piano with guitar chords plus completely new words in verses 6, 7, and 8."

66.     Upon information and belief, the melody and the lyrics for Verses 1 through 5 on the deposit copy for the work covered under Reg. No. EP179877 are exactly identical to the melody and the lyrics for the five verses on the deposit copy for the work covered under Reg. No. EU645288.

67.     The new lyrics for Verses 6, 7, and 8 on the deposit copy for the work covered under Reg. No. EP179877 are as follows:

VERSE 6
We shall live in peace, we shall live in peace,
We shall live in peace some day,
Oh, deep in my heart I do believe
We shall overcome some day.

VERSE 7
We are not afraid, we are not afraid,
We are not afraid today,
Oh, deep in my heart I do believe
We shall overcome some day.

VERSE 8
The whole wide world around, the whole wide world around,

> The whole wide world around some day.
> Oh, deep in my heart I do believe
> We shall overcome some day.

68.     Upon information and belief, with permission from Defendant Ludlow, in 1963, Folkways Records released a phonograph entitled *Sing Out! Hootenanny with Pete Seeger and the Hooteneers*, which included a recording of *We Shall Overcome*. The lyrics to Verse 1 of the work covered under Reg. No. EU645288 and the lyrics to Verse 6 of the work covered under Reg. No. EP179877 are printed on the liner notes without any copyright notice. Thus, to whatever extent Reg. No. EU645288 or Reg. No. EP179877 was valid and covered any part of the musical composition, the copyrights to Verses 1 and 6 were divested in 1963.

69.     Upon information and belief, with permission from Defendant Ludlow, in 1964, Folkways Records released a phonograph entitled *We Shall Overcome; Songs of the "Freedom Riders" and the "Sit-Ins"* in 1964, which included a recording of *We Shall Overcome*. The lyrics to verses 1, 2 and 3 of the work covered under Reg. No. EU645288 and the lyrics to Verse 7 of the work covered under Reg. No. EP179877 are printed on the liner notes without any copyright notice. Thus, to whatever extent Reg. No. EU645288 or Reg. No. EP179877 was valid and covered any part of the musical composition, the copyrights to Verses 1, 2, 3, and 7 were divested in 1964.

70.     Upon information and belief, with permission from Defendant Ludlow, in 1964, Folkways Records also released a phonograph entitled *Broadsides Songs and Ballads Sung by Pete Seeger*, which included a recording of *We Shall Overcome*. The melody and the lyrics to Verse 1 of the work covered under Reg. Nos. EU645288 and EP179877 were printed in full on the liner notes (exactly as alleged in paragraph 55 above) without any copyright notice. Thus, to whatever extent Reg. No. EU645288 or Reg. No. EP179877 was valid and covered any part of

the musical composition, the copyrights to the melody and to Verse 1 were divested yet again in 1964.

***Pete Seeger and the Defendant Admitted the Copyrights to We Shall Overcome are Invalid***

71.     In the 1960 and 1963 Registration Applications for Reg. Nos. EU645288 and EP179877, Defendant Ludlow did not even claim a copyright to the well-known lyrics to *We Shall Overcome*, reprinted as Verses 1 and 5 of both musical compositions.   Therefore, Defendants cannot possibly claim they own a copyright to those familiar lyrics.

72.     At the request of Defendants, on May 14, 2013, Lawrence Ferrara, Ph.D., a professor of music at New York University, prepared a musicological report regarding *We Shall Overcome* (the "Ferrara Report").  Defendants rely upon the Ferrara Report to substantiate their claim that they own a copyright to the Song.

73.     According to the Ferrara Report, the "music and lyrics" of the musical composition *We Will Overcome* published in *People's Songs* in 1948 "is virtually the same as" the music and lyrics of *We Shall Overcome*.  Because the copyright to the 1948 publication of *People's Songs*, Reg. No. B184728, was never renewed and thus expired in September 1976, in accordance with the Ferrara Report, *We Shall Overcome* entered the public domain no later than that date.

74.     In 1993, Mr. Seeger wrote and published a book entitled *Where Have all the Flowers Gone: A Singer's Stories, Songs, Seeds, Robberies*.  In it, Mr. Seeger wrote:

> ***No one is certain who changed "will" to "shall."  It could have been me with my Harvard education.  But Septima Clarke, a Charleston schoolteacher (who was director of education at Highlander and after the Civil Rights Movement was elected year after year to the Charleston, S.C. Board of Education) always preferred "shall."  It sings better.***

75.     Moreover, Mr. Seeger admitted on many occasions that he was not the author of

*We Shall Overcome*. For example, in 1998, Smithsonian Folkways Recordings released a phonograph titled *If I Had A Hammer Songs of Hope & Struggle: Pete Seeger*. Page 12 of the liner notes that accompanied the recording stated:

> The Song was probably adapted from the 19th century hymn, "I'll Be All Right," although Rev. Charles Tindley's 1903 composition, "I'll Overcome Some Day," is also a possible source. The Tindley song may itself have been adapted from the older hymn. In any case, Zilphia Horton of the Highlander Folk School in Tennessee heard Black tobacco workers singing it on a picket line in 1946. ***According to Pete, one of those workers, Lucille Simmons, changed the "I" to "we." Pete considers this the most important word in the song. He is less sure about who changed "will" to "shall" but acknowledges that "it could have been me with my Harvard education" (Seeger 1993).***

> Zilphia Horton added some verses and taught it to Pete in 1947 and Pete added other, less union-specific verses. In April, 1960, folksinger Guy Carawan sang it to the founding convention of the Student Nonviolent Coordinating Committee (SNCC) in Raleigh, NC, and it quickly spread throughout the developing Civil Rights Movement.

> According to Pete, "This song undoubtedly has many meaning to many people. . . . The very best verse was made up in Montgomery, Alabama, the city of the 1956 bus boycott: 'We are not afraid – today!'. . . .Without this verse none of the other verses could come true" (Seeger 1972).

> Pete also acknowledges that, despite its status as an anthem, the song has been criticized for the passivity implied by "someday."

> ***In the early 60s, Pete, Guy Carawan and Frank Hamilton copyrighted the song to protect it from being turned into an insipid pop song (as happened to "Wimoweh").***

76.    In his 1993 book, Mr. Seeger also wrote  as follows:

> In the early '60s our publishers said to us, "***If you don't copyright this now, some Hollywood types will have a version out next year like "Come on Baby, We shall overcome tonight."*** So, Guy, Frank, and I signed a "songwriter's contract." At that time we didn't know Lucille Simmons' name.

## CLASS ALLEGATIONS

77.    Plaintiff brings this action under Federal Rules of Civil Procedure 23(a) and (b) as a class action on behalf of itself and all others similarly situated for the purpose of asserting the

claims alleged in this Complaint on a common basis.

78.    The proposed Class is comprised of all persons or entities, excluding Defendants and their directors, officers, employees, and affiliates, who entered into a license with Ludlow, or paid Ludlow, directly or indirectly, a royalty or licensing fee for the song *We Shall Overcome* at any time since 2010, and until Defendants' unlawful conduct as alleged herein has ceased.

79.    Although Plaintiff does not know the exact size of the Class or the identities of all members of the Class, upon information and belief that information can be readily obtained from the books and records of Defendants.  Plaintiff believes that the Class includes hundreds if not thousands of persons or entities who are widely geographically disbursed.  Thus, the proposed Class is so numerous that joinder of all members is impracticable.

80.    The claims of all members of the Class involve common questions of law and fact including:

a.    whether the 1960 and 1963 copyrights cover the melody or the familiar lyrics in verses 1 and 5 of *We Shall Overcome*;

b.    whether Defendants obtained any rights from the original author(s) of the prior work(s) from which *We Shall Overcome* is derived and, if so, what rights were obtained;

c.    whether those copyrights claimed by Defendants over the melody, the familiar lyrics in verses 1 and 5, and the lesser-known verses 2, 3, 6, and 7 of *We Shall Overcome* were subsequently forfeited because they were published with permission on numerous occasions without any copyright notice;

d.    whether the 1960 and 1963 copyrights are valid;

e.    whether *We Shall Overcome* is in the public domain and dedicated to

public use;

      f.      whether Defendants are the exclusive owners of copyrights to *We Shall Overcome* and are thus entitled to all of the rights conferred in 17 U.S.C. § 102;

      g.      whether Defendants have the right to collect fees for the use of *We Shall Overcome*;

      h.      whether Defendants have violated the law by demanding and collecting fees for the use of *We Shall Overcome* despite not having a valid copyright to the song; and

      i.      whether Defendants are required to return unlawfully obtained payments to Plaintiff and the other members of the Class and, if so, what amount is to be returned.

81.      With respect to Counts Three through Six, the common questions of law and fact predominate over any potential individual issues.

82.      Plaintiff WSOF's claims are typical of the claims of all other members of the Class.  Plaintiff's interests do not conflict with the interests of any other member of the Class, in that Plaintiff and the other members of the Class were subjected to the same unlawful conduct.

83.      Plaintiff WSOF is committed to the vigorous prosecution of this action and has retained competent legal counsel experienced in class action and complex litigation.

84.      Plaintiff WSOF is an adequate representative of the Class and, together with its attorneys, is able to and will fairly and adequately protect the interests of the Class and its members.

85.      A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein.  Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class

to pursue separate claims.

86.     Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

87.     Plaintiff WSOF anticipates no difficulty in the management of this litigation as a class action.

## COUNT ONE

**DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**
**(On Behalf Of Plaintiff and The Class)**

88.     Plaintiff WSOF repeats and realleges paragraphs 1 through 87 above as though they were fully set forth herein.

89.     Plaintiff WSOF brings this claim individually on behalf of itself and on behalf of the Class pursuant to Federal Rule of Civil Procedure 23(b)(2).

90.     Plaintiff WSOF seeks adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., in connection with Defendants' purported copyright claim to *We Shall Overcome*.  Plaintiff seeks the Court's declaration that the Copyright Act does not bestow upon Defendants the rights they have asserted and have enforced against Plaintiff and the other members of the Class.  This is because either: (a) the 1960 and 1963 registrations under which Defendants claim those copyrights, and the resulting copyrights, do not purport to cover and do not cover the melody or the familiar lyrics to *We Shall Overcome*, but instead are limited just to the particular arrangements and obscure additional verses which have little or no commercial value; (b) because those copyrights have been forfeited; or (c) if and to the extent those copyrights purport to or do cover the melody and familiar lyrics to *We Shall Overcome*, the copyrights are invalid.

91.    Defendants falsely assert that they are entitled to control the use of the musical composition *We Shall Overcome* and are entitled to mechanical and performance royalties pursuant to 17 U.S.C. § 115 for the creation and distribution of phonorecords and digital downloads of the Song, under threat of a claim of copyright infringement.

92.    Defendants have prohibited Plaintiff WSOF from including *We Shall Overcome* in its documentary film. In addition, Plaintiff was obligated to pay Defendants the sum of $45.50 for a mechanical license based upon their claim of copyright ownership.  Defendants' claims and demands were coercive in nature, and Plaintiff's entering into the mechanical license agreement and payment of $45.50 was involuntary.

93.    Plaintiff WSOF's claim presents a justiciable controversy because Plaintiff is unable to use *We Shall Overcome* in its documentary movie as a result of Defendants' claim of copyright ownership and the resulting risk that Plaintiff might be exposed to substantial statutory penalties under the Copyright Act if it uses the Song in the movie without a synchronization license permitting it to do so.

94.    In addition, Plaintiff WSOF's agreement to pay Defendants and its actual payment to them for use of the Song was the involuntary result of Defendants' assertion of a copyright and the risk that Plaintiff might be exposed to substantial statutory penalties under the Copyright Act if it failed to pay Defendants the statutory fee for the compulsory license.

95.    Plaintiff WSOF seeks the Court's determination as to whether Defendants are entitled to assert ownership of the copyright to *We Shall Overcome* against Plaintiff and the other members of the Class as Defendants claim, or whether Defendants are wielding a false claim of ownership to inhibit Plaintiff's (and the public's) use and enjoyment of intellectual property which is rightfully in the public domain.

96.     If and to the extent that Defendants rely upon the 1960 or 1963 copyrights for the melody of *We Shall Overcome*, that copyright expired or was forfeited as alleged herein.

97.     As alleged above, the 1948 copyright for *People's Songs*, Reg. No. B184728, which included the entire musical composition of "We Will Overcome," was not renewed and accordingly expired in September 1976.

98.     The arrangements for *We Shall Overcome* registered by Defendant Ludlow in 1960 and 1963 (Reg. Nos. EU645288 and EP179877 respectively): (a) do not give Defendants any copyrights to the well-known lyrics to *We Shall Overcome*, but instead are limited just to the particular arrangements and obscure alternate verses which have little or no commercial value; and (b) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the arrangements themselves.

99.     The 1960 and 1963 copyrights pertained only to the arrangements or the obscure alternate verses, not to the melody or familiar lyrics of the Song.

100.    If declaratory relief is not granted, Defendants will continue wrongfully to assert the exclusive copyright to *We Shall Overcome* at least until the current term of the copyrights expire under existing copyright law.

101.    Plaintiff WSOF therefore request a declaration that:

    a.      Defendants do not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly perform, the melody or lyrics of the musical composition *We Shall Overcome*;

    b.      Defendants do not have the right to prohibit the use, reproduction, distribution, or public performance of the melody or lyrics of the musical composition *We Shall Overcome*;

    c.       Defendants do not own the exclusive right to demand or grant a license for use of *We Shall Overcome*; and

    d.       the musical composition *We Shall Overcome* is in the public domain and is dedicated to the public use.

**COUNT TWO**
**UPON ENTRY OF DECLARATORY JUDGMENT**

**DECLARATORY AND INJUNCTIVE RELIEF**
**PURSUANT TO 28 U.S.C § 2202**
**(On Behalf of Plaintiff and the Class)**

102.    Plaintiff WSOF repeats and realleges paragraphs 1 through 87 above as though they were fully set forth herein.

103.    Plaintiff WSOF brings these claims individually on its own behalf and on behalf of the Class pursuant to Federal Rules of Civil Procedure 23(b)(2).

104.    Under 28 U.S.C. § 2202, this Court is authorized to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

105.    Plaintiff WSOF and the other Class members have been harmed, and Defendant Ludlow has been unjustly enriched, by Defendants' wrongful takings as alleged herein.

106.    Plaintiff WSOF seeks relief for itself and the other members of the Class upon the entry of declaratory judgment upon Count One, as follows:

    a.       an injunction to prevent Defendants from making further representations of ownership of the copyright to *We Shall Overcome*;

    b.       restitution to Plaintiff and the other Class members of all fees paid to Defendants, directly or indirectly through their agents, to use the Song;

    c.       an accounting for all monetary benefits obtained by Defendants, directly

24

or indirectly through their agents, from Plaintiff and the other Class members in connection with its claim to ownership of the copyright to *We Shall Overcome*; and

      d.     such other further and proper relief as this Court sees fit.

## COUNT THREE

### DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### (On Behalf of Plaintiff and the Class)

107.    Plaintiff WSOF repeats and realleges paragraphs 1 through 87 above as though they were fully set forth herein.

108.    Plaintiff WSOF brings this claim individually on its own behalf, and also on behalf of the Class pursuant to Federal Rule of Civil Procedure 23(b)(3).

109.    As alleged herein, Plaintiff WSOF and the other Class members have paid licensing fees to Defendants and have therefore suffered injury in fact and have lost money or property as a result of Defendants' conduct.

110.    New York General Business Law ("GBL") § 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."

111.    In the conduct of its business, Defendants have engaged and continue to engage in deceptive acts and practices by, *inter alia*, claiming to own a copyright to the melody and well-known lyrics of *We Shall Overcome* despite the fact that the 1960 and 1963 copyrights cover only the specific arrangements and new lyrics (as opposed to the well-known lyrics), despite the fact that the melody and the familiar lyrics entered the public domain no later than 1961, and despite the fact that any copyright to the melody and lyrics was forfeited in 1948

112.    Defendants' actions, claims, nondisclosures, and misleading statements, as alleged herein, were unfair, false, misleading, and likely to deceive the consuming public within

the meaning of GBL § 349.

113. The conduct of Defendants in exerting control over exclusive copyright ownership to the Song to stifle the useful arts or to extract licensing fees is deceptive and misleading because Defendants do not own any copyrights to the Song.

114. Plaintiff WSOF and the other members of the Class have, in fact, been deceived as a result of their reasonable reliance upon Defendant's materially false and misleading statements and omissions, as alleged above.

115. As a result of Defendants' unfair and fraudulent acts and practices as alleged above, Plaintiff WSOF and the other Class members have suffered substantial monetary injuries.

116. Plaintiff and the other Class members reserve the right to allege other violations of law which constitute other unfair or deceptive business acts or practices. Such conduct is ongoing and continues to this date.

117. As a result of its deception, Defendants have been able to reap unjust revenue and profit.

118. Defendants' unfair or deceptive acts or practices, including its concealments, omissions, and misstatements of material facts alleged above, had a tendency or capacity to mislead, tended to create a false impression in consumers, and were likely to (and did in fact) deceive reasonable consumers, including Plaintiff WSOF and the other members of the Class, about the limited scope and validity of Defendants' copyright to the Song.

119. Defendants' unfair and deceptive practices, including its concealments, omissions, and misstatements of material facts alleged above, had a tendency or capacity to mislead, tended to create a false impression in consumers, and were likely to (and did in fact) deceive reasonable consumers, including Plaintiff WSOF and the other members of the Class,

about whether Defendants in fact owned a copyright to the Song's melody or lyrics.

120.    Plaintiff WSOF and the other members of the Class suffered ascertainable losses, caused by Defendants' misrepresentations and failure to disclose material information.  Had Plaintiff and the other members of the Class been aware of the true facts about the limited scope of the copyrights and their forfeiture, they would not have paid Defendants to use the Song and would have used the Song despite Defendants' insistence that they not do so.  Thus, Plaintiff and the other members of the Class were harmed as a result of Defendants' misconduct.

121.    Plaintiff and the other members of the Class suffered ascertainable losses, caused by Defendants' misrepresentations and failure to disclose material information.

122.    As a direct and proximate result of Defendant's violations of GBL §349, Plaintiffs and the other members of the Class have suffered injury-in-fact or actual damage.

123.    Because Defendant's willful and knowing conduct caused injury to Plaintiffs and the other members of the Class, they seek recovery of actual damages or $50, whichever is greater and discretionary treble damages up to $1,000 per violation, punitive damages, reasonable attorneys' fees and costs, an order enjoining Defendants' deceptive conduct, and any other just and proper relief available under GBL § 349.

124.    Upon information and belief, since 1960 Defendants have collected millions of dollars from its false claims of copyright ownership for the Song.

125.    Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

126.    Plaintiff WSOF, individually on its own behalf and on behalf of the other members of the Class, seeks restitution and disgorgement of all money obtained from Plaintiff and the other members of the Class, collected as a result of unfair competition, and all other

relief this Court deems appropriate, consistent with GBL § 349.

## COUNT FOUR

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

127.   Plaintiff WSOF repeats and realleges paragraphs 1 through 87 above as though they were fully set forth herein.

128.   Plaintiff WSOF entered into a compulsory license for the Song, pursuant to which Defendants implicitly represented and warranted that they own the copyrights to the Song as licensed therein.  All other members of the Class who entered into licenses for the Song did likewise.

129.   Plaintiff and the Class have satisfied their obligations under each such licensing agreement with Defendants.

130.   As alleged herein, Defendants do not own the copyright interests claimed in the Song and, as a result of its unlawful and false assertions of the same, Defendants have violated the representations and warranties made in the licensing agreements, thereby materially breaching the licensing agreements.

131.   By reason of the foregoing, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## COUNT FIVE

### COMMON COUNT FOR MONEY HAD AND RECEIVED
### (On Behalf of Plaintiff and the Class)

132.   Plaintiff WSOF repeats and realleges paragraphs 1 through 87 above as though they were fully set forth herein.

133.   Within the last four years, Defendants became indebted to Plaintiff WSOF and all

Class members for money had and received by Defendants for the use and benefit of Plaintiff and the other Class members. The money in equity and good conscience belongs to Plaintiff and the other Class members.

## COUNT SIX

### RESCISSION FOR FAILURE OF CONSIDERATION
### (On Behalf of Plaintiff and the Class)

134.   Plaintiff WSOF repeats and realleges paragraphs 1 through 87 above as though they were fully set forth herein.

135.   Defendants' purported licenses were worthless and ineffective, and do not constitute valid consideration.

136.   Plaintiff and the other members of the Class are entitled to rescind their license agreements with Defendants and obtain a return of all the money previously paid thereunder.

## DEMAND FOR JURY TRIAL

Plaintiff WSF hereby demands a trial by jury to the extent that the allegations contained herein are triable by jury under Federal Rules of Civil Procedure 38 and 39.

## PRAYER RELIEF

**WHEREFORE**, Plaintiff WSOF, on behalf of itself and the other members of the Class, demands judgment against Defendants TRO and Ludlow, jointly or individually in the alternative, as follows:

A.   certifying the Class as requested herein;

B.   declaring that the musical composition *We Shall Overcome* is not protected by federal copyright law, is dedicated to public use, and is in the public domain;

C.   permanently enjoining Defendant Ludlow from asserting any copyright to the musical composition *We Shall Overcome*;

D.      permanently enjoining Defendants from charging or collecting any licensing or other fees for use of the musical composition *We Shall Overcome*;

E.      imposing a constructive trust upon the money Defendants unlawfully collected from Plaintiff WSOF, the other members of the Class, BMI, or Harry Fox Agency for use of the musical composition *We Shall Overcome*;

F.      ordering Defendants to return to Plaintiff and the other members of the Class all the licensing or other fees it has collected from them, directly or indirectly through its agents, for use of the musical composition *We Shall Overcome*, together with interest thereon;

G.      awarding Plaintiff WSOF and the other members of the Class restitution for Defendants' prior acts and practices;

H.      awarding Plaintiff WSOF and the Class reasonable attorneys' fees and costs; and

I.      granting such other and further relief as the Court deems just and proper.

Dated:  April 12, 2016

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By:     /s Randall S. Newman
Mark C. Rifkin
rifkin@whafh.com
Randall S. Newman
newman@whafh.com
Gloria K. Melwani
melwani@whafh.com
270 Madison Ave.
10th Floor
New York, NY 10016
(212) 545-4600

*Attorneys for Plaintiff and the Class*