```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
WE SHALL OVERCOME FOUNDATION and         :    16cv2725(DLC)
BUTLER FILMS, LLC,                       :
                                         :    MEMORANDUM OPINION
               Plaintiffs,               :       AND ORDER
                                         :
     -v-                                 :
                                         :
THE RICHMOND ORGANIZATION, INC. (TRO     :
INC.) and LUDLOW MUSIC, INC.,            :
                                         :
               Defendants.               :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

A September 10, 2017 Opinion and Order granted plaintiffs' motion for summary judgment to the extent of holding that the defendants have no valid copyright in the words and melody of the first and fifth verses ("Verse 1/5") of "We Shall Overcome" because they lack originality. Trial is scheduled to be held on February 5, 2018 to resolve remaining issues.

Defendants tendered on December 22, 2017 a purported covenant-not-to-sue as to all portions of the copyright other than Verse 1/5 (the "Remaining Verses"), and accordingly contend that the suit is now moot, requiring an entry of final judgment as to Verse 1/5. In response to concerns about the breadth of the covenant raised by the plaintiffs, defendants tendered a revised covenant with their reply submission on January 10, 2018.

Even if the revised covenant does moot the claims as to the Remaining Verses, the suit as a whole is not moot. Under Novella v. Westchester Cty., 661 F.3d 128, 149-150 & nn.23-24 (2d Cir. 2011), and the case cited therein, Air Line Pilots Ass'n Int'l v. UAL Corp., 897 F.2d 1394, 1397 (7th Cir. 1990) (Posner, J.), obtaining an order according complete relief on the basis of one claim or legal theory does not thereby moot a plaintiff's standing to pursue other grounds for that same relief, at least until that relief is memorialized in a final judgment. As explained in Already, LLC v. Nike, Inc., 568 U.S. 85 (2013),

> [i]n Cardinal Chemical Co. v. Morton Int'l, Inc., we affirmed the unremarkable proposition that a court's 'decision to rely on one of two possible alternative grounds (noninfringement rather than invalidity) did not strip it of power to decide the second question, particularly when its decree was subject to review by this Court.' 508 U.S. 83, 98 (1993). In essence, when a court has jurisdiction to review a case, and decides the issue on two independent grounds, the first half of its opinion does not moot the second half, or vice versa.

Id. at 95. Accordingly, until the entry of a final judgment affording plaintiffs complete relief, they remain free to pursue any theory that would result in a declaration that the defendants have no valid copyright in Verse 1/5.

The summary judgment order was not a decision that adjudicated all of the claims in the case, and therefore "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," unless this Court were to order otherwise. Rule 54(b), Fed. R. Civ. P. Plaintiffs have presented at least three distinct claims for Rule 54(b) purposes related to Verse 1/5 alone: their fraud, divestment, and originality theories. See Hudson River Sloop Clearwater, Inc. v. Department of the Navy, 891 F.2d 414, 418 (2d Cir. 1989). The summary judgment opinion therefore did not end the action, even if the action is treated as limited solely to Verse 1/5. Even outside the contours of Rule 54(b), courts retain an inherent power to adjudicate alternative grounds prior to entering a final judgment. See Already, 568 U.S. at 95; Novella, 661 F.3d at 149.

Under Rule 54(b) and the Court's inherent powers, and in view of the totality of the circumstances, it is appropriate to proceed with the trial at least to the extent of considering the plaintiffs' alternative grounds as to whether the defendants' claimed copyrights in Verse 1/5 are invalid, to wit, the issues

3

of fraud and divestment. Accordingly, it is hereby

ORDERED that the defendants' December 22, 2017 motion to enter final judgment pursuant Rules 54, 58, and 12(b)(1), Fed. R. Civ. P., is denied as to Verse 1/5.

IT IS FURTHER ORDERED that plaintiffs shall submit a letter by **January 15, 2018** at **noon** indicating whether they wish to proceed with the trial of their fraud and divestment claims, or would prefer that final judgment be entered on the summary judgment opinion.

IT IS FURTHER ORDERED that, if defendants intend to withdraw the covenant in light of this Order and the plaintiffs' letter, they must do so by **January 17, 2018** at **noon.**

IT IS FURTHER ORDERED that in light of the modification to the covenant-not-to-sue tendered with the defendants' reply submission, plaintiffs shall have until **January 19, 2018** to submit a brief articulating their position on mootness of the case as to the Remaining Verses with respect to the revised covenant.

IT IS FURTHER ORDERED that the parties should prepare their pretrial submissions, which remain due on **January 19, 2018,** on the assumption that the following issues will be tried: fraud on the copyright office, copyright divestment, and authorship as to

the Remaining Verses.

SO ORDERED:

Dated: New York, New York
January 12, 2018

```
                              _____
                                      DENISE COTE
                              United States District Judge
```