## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888
270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

MARK C. RIFKIN
212-545-4762
FAX 212-686-0114
rifkin@whafh.com

750 B STREET - SUITE 2770
SAN DIEGO, CA 92101

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
70 WEST MADISON STREET, SUITE 1400
CHICAGO, IL 60602

January 26, 2018

**VIA ECF**

Honorable Denise L. Cote
United States District Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   *We Shall Overcome Foundation, et al. v. The Richmond Organization, Inc., et al.*, No. 16-2725-DLC

Dear Judge Cote:

    We represent Plaintiffs in this action. Pursuant to your Honor's Individual Practice 2.C, we respectfully submit this letter to request that the Court schedule a conference on a discovery dispute. The meet-and-confer process has occurred and was unsuccessful.

    Plaintiffs seek limited discovery from Defendants. Pursuant to paragraph 4 of the Stipulation and Order of Dismissal with Prejudice ("Stipulation and Order") (Dkt. No. 131), Plaintiffs will apply to the Court for an award of attorneys' fees and expenses within 14 days after the Court approves and enters the Stipulation and Order, which Defendants may contest. The parties also have agreed that Plaintiffs may seek to compel Defendants to produce a summary of their time and expense records in connection with the fee application.[1]

    To aid the Court's consideration of their fee and expense application, Plaintiffs expect to show that the hours worked by their counsel, the total amount of fees for those hours (*i.e.*, the "lodestar" of Plaintiffs' counsel), and the expenses incurred by Plaintiffs' counsel were substantially the same as the time, lodestar, and expenses of Defendants' counsel in the litigation. The Court should be permitted to consider the comparative time, lodestars, and expenses of counsel for the parties, especially if Defendants dispute the reasonableness of the

---

[1] The parties have agreed to brief a motion seeking the limited discovery on an expedited basis, with Defendants' opposition due within ten business days from today and Plaintiffs' reply due within three business days after Defendants serve their opposition.



WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

<u>VIA ECF</u>
Honorable Denise L. Cote
January 26, 2018
Page 2

hours worked by Plaintiffs' counsel or their lodestar, or if they dispute the reasonableness of the expenses incurred by Plaintiffs' counsel in conducting the litigation.

As the Court recently held in *Payne v. Kirkland*, No. 14-7098 (ALC), 2017 U.S. Dist. LEXIS 197243 (S.D.N.Y. Nov. 30, 2017) (Carter, J.), courts in the Second Circuit award prevailing party attorneys' fees "by determining a 'presumptively reasonable fee.'" *Id.* at *3 (attorneys' fee awarded to prevailing party in Civil Rights Act case) (quoting *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011)). The starting point for setting a presumptively reasonable fee is the lodestar amount. *Id.* (citations omitted). The presumptively reasonable fee may be adjusted by taking into account case-specific factors. *Id.* Among other case-specific factors, the Court identified these factors in *Payne*: (a) the time and labor required; (b) prevailing market rates for counsel of similar experience and skill; (c) the level of skill required to perform the legal service properly; and (d) the experience, reputation, and ability of the attorneys involved. *Id.* at *4-5 (citations omitted). The limited discovery that Plaintiffs seek, specifically, summaries of Defendants' time and expense records and hourly rates, will substantially aid the Court's consideration of these case-specific factors.

If this limited discovery is compelled, Defendants have agreed to produce a summary of their time and expense records to Plaintiffs before their reply brief in support of the fee and expense application is due, provided that Defendants have a reasonable amount of time after being compelled to produce the time and expense summaries to do so. We are hopeful that the dispute can be resolved during the conference, obviating the need for a motion to compel. Therefore, Plaintiffs request that the Court promptly schedule the conference.

We are available at the Court's earliest convenience for the conference.

Thank you for Your Honor's continuing kind consideration.

Respectfully yours,

Mark C. Rifkin

MR/797372

cc: Paul V. LiCalsi, Esquire (via email)
Ofer Reger, Esquire (via email)
Randall S. Newman, Esquire