UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
WE SHALL OVERCOME FOUNDATION and       :        16cv2725(DLC)
BUTLER FILMS, LLC,                     :
                                       :        OPINION AND ORDER
                Plaintiffs,            :
                                       :
        -v-                            :
                                       :
THE RICHMOND ORGANIZATION, INC. (TRO   :
INC.) and LUDLOW MUSIC, INC.,          :
                                       :
                Defendants.            :
                                       :
-------------------------------------- X

APPEARANCES:

For the Plaintiffs:
Mark C. Rifkin
Randall S. Newman
Gloria K. Melwani
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Ave, 10th Floor
New York, NY 10016

For the Defendants:
Paul LiCalsi
Ofer Reger
Oren Dov Langer
Robins Kaplan LLC
601 Lexington Ave, Suite 3400
New York, NY 10022

DENISE COTE, District Judge:

    This case centers on the validity of two copyrights in the

musical composition "We Shall Overcome" (the "Song").  On July

31, 2018, after the parties settled the declaratory judgment

action, this Court awarded $352,000 in attorneys' fees plus

certain expenses and costs to the plaintiffs pursuant to 17 U.S.C. § 505.  The plaintiffs now move for reconsideration of this award.  For the following reasons the motion for reconsideration of the attorneys' fee award is denied.

## Background

The plaintiffs, We Shall Overcome Foundation ("WSOF") and Butler Films, LLC ("Butler"), brought this action on April 14, 2016, challenging through a putative class action the validity of the defendants' copyrights in the Song.  The Song is a well-known anthem of the American civil rights movement, although its precise origin is unknown.  The defendants obtained copyrights for the Song in 1960 and 1963 and have described their motive for doing so as to prevent the Song from being commercially abused.  See We Shall Overcome Foundation v. The Richmond Organization, Inc., 16cv2725(DLC), 2017 WL 3981311, at *1 (S.D.N.Y. Sep. 8, 2017) ("Summary Judgment Opinion").

On November 21, 2016, the Court granted the defendants' motion to dismiss the plaintiffs' state law claims but denied their motion to dismiss the copyright claims.  We Shall Overcome Foundation v. The Richmond Organization, Inc., 221 F.Supp.3d 396 (S.D.N.Y. 2016).  On September 8, 2017, the Court issued a Summary Judgment Opinion holding that the plaintiffs had carried

their burden of showing that verses one and five of the Song lacked the originality required for protection as a derivative work, and that the defendants had not offered evidence of originality sufficient to raise a material question of fact requiring a trial. The Summary Judgment Opinion denied plaintiffs' remaining claims on the issues of authorship, divestment, and fraud. Following a series of other motions, trial was set for February 5, 2018, but the parties entered into a settlement, which was filed on January 26, 2018, and so-ordered by this Court. Following settlement, the plaintiffs moved for an award of attorneys' fees, in the amount of over $1 million, under Section 505 of the Copyright Act. 17 U.S.C. § 505. On July 31, 2018, the Court issued an opinion awarding fees in the amount of $352,000. See We Shall Overcome Found. v. The Richmond Org., Inc., No. 16CV2725(DLC), 2018 WL 3629597 (S.D.N.Y. July 31, 2018) ("Attorneys' Fee Opinion"). Familiarity with the facts and legal analysis set forth in the various opinions issued in this case is presumed.

The Attorneys' Fee Opinion found that, for purposes of Section 505 of the Copyright Act, plaintiffs were the prevailing party. The Attorneys' Fee Opinion then weighed the factors laid out in Fogerty v. Fantasy, Inc., 510 U.S. 517, 519 (1994), a decision intended to guide district courts in awarding fees. The Opinion concluded that "[t]he degree to which plaintiffs

3

succeeded in this litigation, and the inestimable benefit they have conferred on the public through doing so, renders this the type of lawsuit that should be encouraged in order to promote the purposes of the Copyright Act." Attorneys' Fee Opinion, at *5.

Having determined that plaintiffs were entitled to attorneys' fees, the Opinion went on to calculate the "presumptively reasonable fee" that should be awarded under § 505. See Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). While the Opinion found the amount of hours expended by plaintiffs' counsel to be generally reasonable, it concluded that the proposed hourly rate should be cut by 65% because "the plaintiffs are entitled to a significantly lower hourly rate than they have requested." Attorneys' Fee Opinion, at *7. In reaching this conclusion the Court found that the rate a reasonable, hourly-fee paying client would be willing to pay in the circumstances of this case was significantly lower than that calculated by the plaintiffs because such a reasonable client would likely have found pro bono or reduced fee representation. See Arbor Hill Concerned Citizens Ass'n v. County of Albany, 493 F.3d 110, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008). In addition to this across-the-board reduction, the Opinion also found that the paralegal rate suggested by the plaintiffs should be reduced and

4

time plaintiffs' counsel spent conversing with media outlets about the case should be excluded from the fee calculation. Finally, the Opinion rejected the plaintiffs' request for recovery of expenses for its expert witnesses and consultants.

On August 8, 2018, the plaintiffs filed this motion for reconsideration or reargument of the Attorneys' Fee Opinion. In support of this motion, the plaintiffs submitted two declarations. The first, from Isaias Gamboa, the president of the We Shall Overcome Foundation, recounts his efforts between 2010 and 2014 to engage between eight and ten law firms regarding claims related to the alleged authorship of the Song. In particular, Gamboa, acting on behalf of Robert Shropshire, approached these attorneys to seek representation in trying to establish recognition for the contribution of Louise Shropshire, the grandmother of Robert Shropshire, to the Song. According to this declaration, of the firms contacted, only plaintiffs' counsel were willing to commence litigation, "on any basis, whether pro bono, contingent, hourly, or otherwise." The second declaration is from Randall S. Newman, an attorney for plaintiffs' counsel, who recounts how Newman came to represent Gamboa in this matter. The declaration explains that in June 2015, Newman "offered to represent [Gamboa] on a contingent fee basis in litigation to invalidate Defendants' copyrights to the Song," but specifies that in making this offer, Newman told

5

Gamboa that he "would not attempt to prove that Mrs. Shropshire or any other person wrote the Song, and would only attempt to prove that Defendants' copyrights were invalid."


## Discussion

The plaintiffs move pursuant to Federal Rules of Civil Procedure 59 and 60 for reconsideration or reargument of the Court's Attorneys' Fee Opinion. The standard for granting a motion for reconsideration pursuant to Rule 59 is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to

6

grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Rule 60(b) permits a court, "in its discretion," to "rescind or amend a final judgment or order." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." Insurance Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

Under Local Civil Rule 6.3, a request for reconsideration must be made "within fourteen (14) days" through a "notice of motion" accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Rule 6.3 also directs that "[n]o affidavits shall be filed by any party unless directed by the Court." Although plaintiffs did not seek permission to submit the two declarations attached to its motion for reconsideration, as required by Rule 6.3, in its discretion, the Court will accept these declarations and grant plaintiffs leave to file them nunc pro tunc.

Plaintiffs' motion for reconsideration of the Attorneys' Fee Opinion boils down to their contention that the Court erred

in finding that a reasonable, hourly-fee paying client would
have paid significantly less than the fee now sought by
plaintiffs' counsel because it did not consider the plaintiffs'
actual difficulties finding counsel to represent them in this
case.  They do not argue with the legal standard applied in the
Attorneys' Fee Opinion to calculate the fee, namely <u>Arbor Hill</u>'s
direction that in calculating attorneys' fees the rate should be
that which a reasonable, hourly-fee paying client would be
willing to pay in the circumstances of this case.  Rather, they
argue that in determining what such a reasonable client would
pay, the Court should reconsider its "generalization" that this
case would be attractive to other counsel on a pro-bono or
reduced fee basis in light of the factual basis they now provide
purporting to show that the case was not, in fact, attractive to
other counsel.  Plaintiffs argue that a motion to reconsider is
appropriate on the grounds that plaintiffs did not previously
address this argument in briefing because it was not raised by
defendants in their opposition to the plaintiffs' fee
application.

Plaintiffs have not met the strict standard required to
justify reconsideration.  For the most part, the plaintiffs'
motion for reconsideration constitutes improper rehashing of

arguments presented by the parties in the original application.[1]
Although plaintiffs present additional factual information to
the Court in the form of affidavits detailing the plaintiffs'
attempts to secure counsel, they provide no indication that
these facts are new in the sense of having been previously
unavailable.  Aside from blaming defendants for not having
raised this argument in their opposition, the plaintiffs make no
attempt to explain why this information and the arguments that
it supports were not raised in their initial application.

Even if the evidence presented here regarding the
plaintiffs' difficulty finding counsel willing to take their
case at reduced rates were the type of new evidence that would
properly support a motion for reconsideration, it does nothing
to alter the Court's conclusion.  The plaintiffs' new evidence
details numerous attempts by Gamboa to obtain counsel in order
to assist an heir of Louise Shropshire in obtaining recognition
through litigation for her contribution to the Song.  This is a
different legal claim than that litigated in this case, which
challenged the validity of defendants' copyrights while making

---

[1] The plaintiffs also take issue with the Attorneys' Fee
Opinion's use of the defense counsel's 50% fee reduction and the
amount reasonably recoverable if the case had proceeded as a
common-fund class action as benchmarks in determining what a
reasonable, hourly fee-paying client would have paid.  Their
arguments with regard to these two benchmarks present no new
legal or factual considerations and merely represent an attempt
to relitigate a settled issue.

no affirmative claims to authorship.  While Gamboa's declaration does not consistently detail with precision the claims for which he and the Shropshire heir attempted to secure representation, most appear to have been related to establishing Louise Shropshire's contribution to the Song rather than invalidating defendants' copyright.  The Newman declaration confirms that the plaintiffs had not discussed a strategy to invalidate the Song's copyright with any attorneys other than plaintiffs' counsel and their reply brief concedes that Gamboa had contacted the other attorneys "to pursue a claim to gain recognition for Mrs. Shropshire's contribution to the Song."  Thus, because the evidence put forward by the plaintiffs of their difficulty obtaining pro-bono or reduced fee counsel was related to a different legal claim, it does nothing to refute the analysis in the Attorneys' Fee Opinion that a reasonable, hourly fee paying client in this case would have been able to find counsel willing to represent them at a significantly lower rate than that sought by plaintiffs' counsel.  Once plaintiffs' counsel agreed to representation on a contingency fee basis, the plaintiffs had no incentive to determine what hourly fee other counsel would agree to.  As such, their experience cannot be determinative of what a reasonable, hourly fee paying client would pay.

In sum, the plaintiffs' motion for reconsideration is without merit.  They have not presented new evidence that merits

adjustment to the attorneys' fee calculation and do not argue
that a change in law has occurred or that a clear error in the
Opinion must be corrected.  Finally, no manifest injustice
requires reconsideration here.  The fees awarded further the
aims of copyright law and no further award against the
defendants is merited here.


## CONCLUSION

The August 8, 2018 motion for reconsideration of the July
31, 2018 attorneys' fee award is denied.


Dated:    New York, New York
          October 26, 2018


                                _____
                                        DENISE COTE
                                United States District Judge